**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| DAVID L. TAFT, JR.,<br><br>      Plaintiff,<br><br>vs.<br><br>STEVE SASSMAN, STEVE MCQUEEN, MICHAEL RYAN,<br><br>      Defendants. | No. C11-4060-MWB<br><br>**INITIAL REVIEW ORDER** |

      This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff filed such application on June 24, 2011. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983 and an application for appointment of counsel.

### *I. IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915*

      The plaintiff currently is a patient at the Civil Commitment Unit for Sexual Offenders ("CCUSO") in Cherokee, Iowa.[1] A patient is not a prisoner within the meaning of the Prison Litigation Reform Act ("PLRA"). *See Kolocotronis v. Morgan*, 247 F.3d 726 (8th Cir. 2001) (concluding a mental patient is not a prisoner within the meaning of

---

[1] In 2005, the State petitioned to have the plaintiff found a sexually violent predator. *See In re Taft*, CVCV050833 (Linn County Dist. Ct. 2005). A jury found the plaintiff to be a sexually violent predator and subject to commitment under Iowa Code chapter 229A. *Id*. The Iowa District Court for Linn County subsequently ordered the plaintiff to be civilly committed. *Id*.; *see also In re Detention of Taft*, 2005 Iowa App. LEXIS 1517 (Iowa Ct. App. 2005). Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

the PLRA and, therefore, is not subject to inmate-accounting procedures or three strikes rule); *see also Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000) (finding petitioner who was civilly committed under California's Sexually Violent Predators Act was not "prisoner" subject to PLRA's financial reporting and exhaustion requirements). Nonetheless, it is appropriate for the court to apply 28 U.S.C. § 1915(a)(1) because this subsection has been applied by courts in their review of applications of non-prisoners as well as prisoners.

A court may permit a party to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the party submits an affidavit that shows the inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When ruling on a 28 U.S.C. § 1915(a)(1) application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an in forma pauperis application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is discretionary). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948).

Here, the plaintiff states in his application to proceed in forma pauperis that he receives payment from the CCUSO, receives $12.00 every two weeks, does not have any savings or checking accounts and does not own any other valuable property. Given the statements that the plaintiff made in his application to proceed in forma pauperis, the court is satisfied that the plaintiff's allegation of poverty is true. *See Lee*, 231 F.3d at 458-59

(stating a court must determine whether the "allegation of poverty is untrue" when it assesses the affidavit supporting an application to proceed in forma pauperis); *see also Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (concluding the requirements of 28 U.S.C. § 1915 were met because plaintiff received public assistance income of $222.00 per month, had checking account balance of less than $60.00, owned an automobile on which he owed $3600.00, and had other debts totaling $10,000.00); *cf. Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (concluding the district court did not abuse its discretion when it determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items). Accordingly, the plaintiff's application to proceed in forma pauperis shall be granted. *See* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee.

Although it agrees that the granting of in forma pauperis status is appropriate in this case, the court finds that requiring patients to submit partial payments or installment payments of the filing fee is permissible and desirable.

> The ordering of a partial payment or an installment payment for court fees fits within the [language of 28 U.S.C. § 1915. Subsection (a) of 28 U.S.C. § 1915] does not say that upon granting in forma pauper status, court fees need not be paid or that they are remitted or otherwise waived. Instead, [subsection (a)] merely authorizes commencement 'without prepayment' if the applicant 'is unable to pay such fees.' This conveys the sense that the court may authorize the filing of an action without prepayment and look to cash flow and assets in order to secure post-payment.[2]

---

[2] Prior to the enactment of the [PLRA], courts had, in large part, determined that they had the discretion to require partial payment of the filing fees by prisoners. *Byran v. Johnson*, 821 F.2d 455 (7th Cir. 1987) (collecting cases). Partial payment was said to help ensure that prisoners had an economic incentive to police their own actions, just as

(continued…)

3

*White ex rel. Diggs v. Barnhart*, 2002 U.S. Dist. LEXIS 14528, *5, 2002 WL 1760980 (M.D. N.C. 2002). Like an inmate at a prison, a patient with a steady income stream may not be able to make full payment at a particular time but may have the ability to pay over a period of time. Where patients have accounts and are given an allowance over a set period of time, the court deems it appropriate to collect partial payments or installment payments of the filing fee.

From the plaintiff's pleadings and from additional information obtained by the court, it is clear that patients at the CCUSO have accounts which are managed by staff, and all of the patients at the CCUSO are given an allowance. Because staff at the CCUSO are able to control the accounts of patients, the court believes it is appropriate to collect a filing fee based on or modeled after the system laid out in 28 U.S.C. § 1915(b). Based on the statements that the plaintiff made and the documents he submitted, the court finds that the initial partial filing fee is $4.80. *See id*. The plaintiff shall submit $4.80 by no later than February 29, 2012. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, the plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his account until the $350.00 filing fee is paid. *Cf*. 28 U.S.C. § 1915(b)(2). The CCUSO is directed to forward payments from the plaintiff's account to the clerk's office each time the amount in the account exceeds $10 until the filing fee is paid. *Id*.

---

[2](…continued)
the non-imprisoned public must do. This rationale applies to all members of the public, in all their diverse economic situations. . . . With the enactment of the [PLRA], Congress now requires partial payment of the filing fees by prisoners and has established a uniform collection methodology for both prepayment and post–payment of the fees. *See* 28 U.S.C. § 1915(b). There has been some thought that, if not constitutional law, then at least elementary fairness requires that all parties applying for [in forma pauperis] status be subject to possible partial payment of the filing fees, and not just prisoners. *See Byran*, 821 F.2d at 459 . . . .

## II. APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record, the court does not believe that the assistance of counsel is warranted. Accordingly, the application for appointment of counsel shall be denied.

## III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst*

v. *Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. COMPLAINT

The plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress issues that are related to constitutional violations. Jurisdiction appears to be predicated on 28 U.S.C. § 1343(a)(3). Under 28 U.S.C. § 1391(b), venue appears proper.

In his complaint and the documents he submitted in support of it, the plaintiff makes clear that he is dislikes the fact that he received an incident or behavior report for lying and inciting disruptiveness and, more importantly, that the defendants lowered him from treatment level three to treatment level two because of the behavior report. The plaintiff maintains that he should not be punished for the things he said when conversing with another patient at the CCUSO. The plaintiff contends that he is being denied his right to due process under the Fourteenth Amendment and his right to express himself under the First Amendment. As relief, the plaintiff asks for declaratory relief, injunctive relief and damages. Specifically, he wants the court to declare that the defendants violated his constitutional rights, award him $150,000.00 in punitive damages and award him $20,000.00 in compensatory damages.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

6

> in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### *B. Claims Asserted by the Plaintiff*

A plaintiff, through an action under 42 U.S.C. § 1983, may not cast doubt on the validity of his confinement unless his judgment of commitment has first been invalidated or overturned in any state proceedings or through an application for a writ of habeas corpus which is brought after fully exhausting state court remedies. *Cf. Harris v. Beadle*, 2004 U.S. Dist. LEXIS 4117, *4-9, 2004 WL 524464 (D. Neb. 2004). Where success of

an action means a civil commitment is unlawful, a plaintiff must first challenge his civil commitment in state court, *see, e.g.,* Iowa Code section 229A.8 (providing annual examinations and review of discharge or transitional release petitions by persons committed), or bring an application for a writ of habeas corpus in this court after exhausting his remedies in state court, *see* 28 U.S.C. § 2254 (requiring exhaustion of remedies available to those in state custody).

Here, the plaintiff is unable to undermine or call into question his civil commitment under Iowa Code chapter 229A, Commitment of Sexually Violent Predators, by characterizing the defendants' treatment decisions as a violation of his constitutional rights. The plaintiff, in part, is asking the court to determine whether his continued civil commitment is lawful, that is, whether he should be progressing faster through the treatment levels or whether he should be receiving incident or behavior reports which impact his commitment, and he is seeking damages for his allegedly unlawful commitment. The validity of the plaintiff's civil commitment, however, has never been called into question. Thus, the plaintiff's complaint shall be dismissed as frivolous, malicious or for failing to state a claim upon which relief can be granted. *Cf. Harris v. Beadle*, 2004 U.S. Dist. LEXIS 4117, *4-9, 2004 WL 524464 (D. Neb. 2004) (applying *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) to bar action where plaintiff sought damages for proceedings related to civil commitment).[3]

Alternatively, the court concludes that no constitutional violation occurred. Although the plaintiff retains certain protections of the First Amendment, the court must generally defer to officials in upholding a regulation against a constitutional challenge. *Cf.*

---

[3] The court notes that, apart from the fact that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. at 486-87, prevents the plaintiff from seeking damages for proceedings related to his still valid civil commitment, the record clearly establishes that punitive damages are unavailable to the plaintiff. *See Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing the availability of compensatory damages under 42 U.S.C. § 1997e(e) and the standard for awarding punitive damages).

*Shaw v. Murphy*, 532 U.S. 223, 226-29, 121 S. Ct. 1475, 149 L. Ed. 2d 420 (2001) (addressing restriction on inmate-to-inmate communications and making clear that plaintiff could only prevail by showing that regulation was not related to legitimate governmental interests and by overcoming the presumption that officials acted within their broad discretion). It is self-evident that a restriction on lying and a restriction on inciting disruptiveness are clearly related to legitimate and neutral governmental objectives. *Id.* (applying test set forth in *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987)). So, while a patient at the CCUSO, the plaintiff does not have a right to unfettered free speech because such speech is incompatible with the State's task of providing security and providing treatment so as to rehabilitate patients.

Further, the record establishes that the defendants did not deprive the plaintiff of procedural due process. *Cf. Williams v. Hobbs*, 662 F.3d 994, 1011-12 (8th Cir. 2011) (discussing what is necessary for an inmate to receive adequate due process). Here, there is some evidence of a rule violation. Indeed, the plaintiff included a copy of the behavior report, and he acknowledges that he communicated to another patient that staff acted inappropriately with respect to a patient who needed assistance. Also, it is clear that, after the defendants provided a brief summary of the factual basis for issuing the behavior report, the plaintiff utilized the procedures that were available to him. The plaintiff had on opportunity to rebut the allegations included in the behavior report, and the defendants conducted an intelligent and meaningful review of his case.[4] Consequently, no violation of the plaintiff's rights under the Fourteenth Amendment occurred.

Based on the foregoing, the court finds that the plaintiff's action is frivolous, malicious or fails to state a claim upon which relief can be granted. Accordingly, the action shall be dismissed under 28 U.S.C. § 1915(e)(2)(B).

---

[4] The court notes that, since his commitment in 2005, the plaintiff has sought annual examinations under Iowa Code section 229A.8. *See In re Taft*, CVCV050833 (Linn County Dist. Ct. 2005).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $4.80 by no later than February 29, 2012. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the CCUSO is directed is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the CCUSO is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the CCUSO where the plaintiff is a patient.

(6) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

(7) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DATED** this 6th day of February, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

TO: ADMINISTRATOR
Civil Commitment Unit for Sexual Offenders
Cherokee Mental Health Institute
1251 West Cedar Loop
Box 6
Cherokee, Iowa 51012

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that David L. Taft, Jr., a patient at your facility, has filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Taft v. Sassman et al.*, Case No. C11-4060-MWB. The patient was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. The court has assessed an initial partial filing fee of $4.80, which he must submit by no later than January 31, 2011. *Cf*. 28 U.S.C. § 1915(b)(1). Additionally, the patient is required to make monthly payments of 20 percent of the preceding month's income credited to his account. *Cf*. 28 U.S.C. § 1915(b)(2). As the agency having control over the patient's account, you are required to forward payments from the account to the clerk's office each time the amount in the account exceeds $10.00 until the $350.00 filing fee is paid. *Id*. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.



/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa